

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

BRIAN G. MAXEY
*Assistant Corporation Counsel*
Tel. (212) 788-0987
Fax: (212) 788-9776

```
┌─────────────────────────────┐
│ USDS SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #: _____         │
│ DATE FILED: JUL 2 3 2007     │
└─────────────────────────────┘
```

July 20, 2007

*July 23, 2007*

**BY FAX**
Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Application **GRANTED**
SO Ordered

U.S.D.J.

Re: Barbara Marte et al v. City of New York, et al, 07 CV 3173 (PAC)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of this action on behalf of defendant City of New York. I am writing with the consent of plaintiff's counsel, Jay M. Weinstein, Esq., to request a sixty-day enlargement of time, from May 21, 2007[1] to August 17, 2007, within which this office may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action.

The plaintiffs allege, *inter alia*, that they was subjected to excessive force, unlawful search, and unlawful seizure by the defendants, in violation of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. In addition to the City of New York, plaintiffs also name Detectives Juan Romero, Sergio Alvarez, Anthony Diaz, and John Hourican.[2]

Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case and obtain the underlying arrest and prosecution records,

---

[1] Defendant's answer or other responsive pleading was originally due on May 21, 2007. Somehow, I failed to submit an enlargement letter requesting an extension of time. After realizing this, I contacted plaintiffs' counsel immediately, who consented to an extension of time despite the error.

[2] A review of the docket indicates that no affidavits of service have been filed for these defendants.

MEMO ENDORSED

which may have been sealed pursuant to NYCPL § 160.50[3]. Without the underlying records, the defendants cannot properly assess this case or respond to the complaint. Accordingly, the enlargement of time will afford us the opportunity to investigate the matter and to secure the relevant documents.

This additional time should allow plaintiff to serve the individual defendants. Thereafter, Pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendants. Officer Parkinson must then decide whether he wishes to be represented by this office. If so, we must obtain his written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer or otherwise respond to the complaint until August 29, 2007.

Thank you for your consideration in this regard.

Respectfully submitted,

Brian G. Maxey (BM 0451)

BY FAX
Jay M. Weinstein, Esq.
Attorney for Plaintiff

---

[3] Plaintiffs' counsel indicated that he had received the NYCPL § 165.50 forms, which were mailed on May 15, 2007, and that he would meet with his clients next week. Therefore, defendants anticipate receiving the § 160.50 releases in the next two weeks, which would then allow defendants to order the necessary records.