UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

BARBARA MARTE AND DOMINGO RODRIGUEZ,                      **ANSWER TO COMPLAINT**

                                 Plaintiffs,

                                                         07 CV 3173 (PAC)
                 -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE JUAN ROMERO Shield                  JURY TRIAL DEMANDED
Number 899254, DETECTIVE SERGIO ALVAREZ,
DETECTIVE ANTHONY DIAZ, and DETECTIVE JOHN
HOURICAN,

                                  Defendants.

------------------------------------------------------------------------- x

Defendants City of New York ("City"), the New York City Police Department, Detective Anthony Diaz and Detective John Hourican[1], by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the first amended complaint, respectfully allege, upon information and belief, as follows:

1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

3.    Admit the allegations in paragraph "3" of the complaint.

4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City maintains a police department.

---

[1] Upon information and belief, Detectives Juan Romero and Sergio Alvarez have not been served in this matter and a review of the docket indicates no affidavit of service.

5.  The allegations in paragraph "5" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

6.  Deny the allegations set forth in paragraph "6" of the complaint, except admit that Detective Juan Romero is an employee of the City.

7.  Deny the allegations set forth in paragraph "7" of the complaint, except admit that Detective Sergio Alvarez is an employee of the City.

8.  Deny the allegations set forth in paragraph "8" of the complaint, except admit that Detective Anthony Diaz is an employee of the City.

9.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that Detective John Hourican is an employee of the City.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that defendants Romero, Alvarez, Diaz, and Hourican operated out of the 30th Precinct.

11. The allegations set forth in paragraph "11" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiffs purport to proceed as such.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiffs purport to proceed as such.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that Detectives Romero, Alvarez, Diaz, and Hourican were on duty on September 21, 2005.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that there was a communication requesting a police unit to Broadway and West 146th Street,

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "24", inclusive of this answer, as is fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "30", inclusive of this answer, as is fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "36", inclusive of this answer, as is fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny that the plaintiffs are entitled to any of the relief demanded in paragraphs A-C, immediately following paragraph "41".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

43. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

44. The City of New York, the New York City Police Department, Detective Anthony Diaz and Detective John Hourican have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

45. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

46. Any injury alleged to have been sustained resulted, in whole or in part, from plaintiff's culpable or negligent conduct and was not the proximate result of any act of the defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

47. Plaintiff failed to comply with the statutory requirements of New York Municipal Law 50-e and therefore any claims arising under that statute should be summarily dismissed as a matter of law.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

48. Plaintiff provoked any incident.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

49. Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

50. Defendants Diaz and Hourican are entitled to qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

51. The New York City Police Department is a non-suable entity.

**WHEREFORE,** defendants The City of New York, the New York City Police Department, Detective Anthony Diaz and Detective John Hourican respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York

August 17, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants
City of New York and Police Officer
Christopher Souffrin
100 Church Street
New York, New York 10007
(212) 788-0987

By:      /S/ Brian G. Maxey
BRIAN MAXEY (BM 0451)

To:          Jay M. Weinstein, Esq.
             Attorney for Plaintiff
             503 Longacre Avenue
             Woodmere, NY 11598

07 CV 3173 (PAC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARBARA MARTE AND DOMINGO RODRIGUEZ,

                                        Plaintiffs,

                -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE JUAN ROMERO Shield
Number 899254, DETECTIVE SERGIO ALVAREZ,
DETECTIVE ANTHONY DIAZ, and DETECTIVE JOHN
HOURICAN,

                                        Defendants.

-------------------------------------------------------------
---------


*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, 3-155*
*New York, N.Y.  10007*

*Of Counsel:  Brian G. Maxey*
*Tel:  (212) 788-0987*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ................................................, 2007 . . .*

*.....................................................................Esq.*

*Attorney for..........................................................................*